United States District Court
Southern District of Texas
**ENTERED**
July 26, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS AVALOS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-cv-220 |
| | § | |
| SHERIFF OMAR LUCIO, ET AL, | § | |
| Defendants. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Defendants' "Cameron County Detention Center, Sheriff Omar Lucio, Warden DC 1 and Unnamed Medical Staff and Unknown John Doe Staffs' Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's Complaint and First Amended Complaint with Authority in Support" (hereinafter, Defendants' "Motion"). Dkt. No. 18. For the reasons stated herein, it is recommended that Defendants' Motion be **GRANTED**.

### I. Background and Procedural History

On February 24, 2016, Plaintiff Carlos Avalos pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). *See United States of America v. Carlos Avalos*, No. 1:16-cr-00102, CR Dkt.

No. 33[1]. On June 14, 2016, United States District Judge Rolando Olvera sentenced Avalos to 80 months of imprisonment, with a 3-year term of supervised release. *Id.* at 2-3. Judgment was entered on June 29, 2016. *Id.* at 1.

Avalos filed his Complaint on August 22, 2016, against Defendants Sheriff Omar Lucio, Cameron Detention Center, "Warden of DC1", "Unknown John Doe staff", "Medical staff" and their "Bonded Insurance Providers" (collectively hereinafter, "Defendants"). Dkt. No. 1 at 1. Avalos alleges violations of his right to equal protection under the law and the freedom from cruel and unusual punishment under 42 U.S.C. § 1983. *Id.* On October 3, 2016, the Court ordered Defendants to respond. *See* Dkt. No. 11. Avalos filed his Amended Complaint on October 11, 2016, listing as additional defendants "Unknown Physicians contracted by Cameron County Detention Center DC1", "Unknown Medical Contract providers", and "All private medical staff…contracted with or by the state…to provide medical services to…detainees" (hereinafter collectively referred to as, "Defendants"). Dkt. No. 13 at 1-2. [2] In Avalos's Amended Complaint, he alleges additional violations of his rights under 42 U.S.C. §§ 1981, 1982, 1985, 1986, and 1988. *Id.* at 1-3.

On December 2, 2016, Defendants filed their Motion. *See* Dkt. No. 18. Defendants assert that Avalos's live Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), because Avalos lacks standing to pursue the claims against Defendants, and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 18 at 1; FED. R. CIV. P. 12(b)(1), (b)(2). On

---

[1] Hereinafter, Avalos's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.
[2] Avalos's Amended Complaint has few factual allegations. Therefore, the Court liberally construes the factual allegations in his original Complaint to include the new Defendants and claims.

March 10, 2017, Avalos filed his "Plaintiff Motion for Summary Judgment and In Addition it is his Reply and Response to Defendant's Rule 12(B)(6) Motion to Dismiss Plaintiff's Complaint. Fed. R.C. Proc. (56)", which asserted that Defendants raised no genuine issue of material fact. *See* Dkt. No. 24 (errors in original). On March 30, 2017, Defendants filed a "Response and Opposition to Plaintiff's Motion for Summary Judgment and Reply to Plaintiff's Response to Rule 12(b)(1) and 12(b)(6) Motion to Dismiss", which argued that Avalos failed to satisfy his burden of proof under Rule 56. *See* Dkt. No. 25. On April 10, 2017, Avalos filed a second "Plaintiffs Motion for Summary Judgement. Pursuant to Fed. Civ. Proc Rule 56(A)(B)(C) or in the alternative, his Motion For Default Judgement pursuant to Fed. Rule Civ. Proc. 55." *See* Dkt. No. 26 (errors in original).

    On April 21, 2017, Avalos filed "Plaintiffs Second Request for summary Judgment And In Addition His Reply to Defendant's Response to Plaintiff's Summary Judgment, Filed 3-30-2017 by Defendant's." *See* Dkt. No. 27 (errors in original). In that motion, Avalos reiterated his arguments for summary judgment, and attached evidence that he asserts satisfied his burden of proof. *See Id*. On May 11, 2017, Defendants filed a "Response and Opposition to Plaintiff's Second Request for Summary Judgment," which again argued that Avalos failed to satisfy his burden of proof. *See* Dkt. No. 28. On June 1, 2017, Avalos filed "Plaintiff third request for Summary Judgement pursuant to Rule 56 under The Federal Rules Of Civil Procedure and in addition his reply to Defendants Rule 12(b)(6) Motion to Dismiss." *See* Dkt. No. 29 (errors in original).

Avalos's allegations include several uncontested facts.[3] On June 3, 2016, Carlos Avalos injured his wrist when he slipped and fell in the Cameron County Detention Center (hereinafter, the "Detention Center"). Dkt. No. 1 at 4. On June 4, 2016, a medical specialist took an x-ray of Avalos's injured wrist, which showed that his wrist was fractured. *Id*. Avalos's wrist was visibly bruised and swollen for the duration of the events in his Complaint. *Id.* at 4-7.

Avalos appeared in this Court for a hearing on June 6, 2016. Dkt. No. 1 at 5. Prior to his court appearance, "Unknown John Doe Staff" handcuffed Avalos on his injured wrist despite his complaints of pain and swelling. *Id*. Avalos filed an inmate grievance that same day, and was immediately informed by Sgt. Delgado[4] that the proper authorities were given notice of the filed grievance. Dkt. No. 24 at 15-17. On June 8, 2016, Detention Center medical staff gave Avalos a soft wrist brace but removed the metal support in accordance with the Detention Center's security policy. Dkt. No. 1 at 6. On June 14, 2016, Avalos was again handcuffed prior to his appearance before United States District Judge Rolando Olvera for a sentencing hearing. *Id.* at 6-7; *see* CR Dkt. No. 36. On June 17, 2016, Avalos was transferred from the Detention Center and arrived at FDC Houston on June 20, 2016. *Id* at 7. On June 22, 2016, a doctor at FDC Houston performed an in-depth medical exam on Avalos and ordered a cast for his wrist. Dkt. No. 24 at 18-20.

## II.    Legal Standards

---

[3] The government does not challenge these facts in its Motion, so they are assumed to be true.
[4] Avalos refers to Sgt. Delgado only by his rank and surname. Sgt. Delgado apparently signed the Inmate Grievance (Dkt. No. 24 at 15) and filled out the "Shift Sergeant's Reply" section of the grievance (Dkt. No. 24 at 17) but his first name is illegible, as is his reply.

A party seeking to dismiss a complaint under Rule 12(b) must assert its defenses prior to filing an answer. *See* FED. R. CIV. P. 12(b). A court may not dismiss a claim under 12(b)(6) unless it is certain that the plaintiff cannot prove her factual allegations that support her claim that entitles her to relief. *See Bombardier Aero. Emple. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, P.C.*, 354 F.3d 348, 351 (5th Cir. 2003). Therefore, a complaint must contain sufficient factual matter that states a claim to relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Legal conclusions that are "naked assertions devoid of further factual enhancement" or "formulaic recitation of [a claim's] elements" are not enough. *Id.* Instead, factual allegations are facially plausible when they allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* However, when factual allegations are intertwined with the merits, i.e. where the allegations shed light to both the basis of federal court subject matter jurisdiction and the cause of action, a court should not dismiss the claims unless they are "immaterial or wholly insubstantial and frivolous." *See Clark*, 798 F.2d at 741. Finally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

### III. Discussion

Defendants move to dismiss Carlos Avalos's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Fed. R. Civ. P. 12; s*ee* Dkt. No. 18.

First, Defendants argue that Avalos lacks standing, depriving the Court of subject-matter jurisdiction. Dkt. No. 18, at 4-6. Second, Defendants argue that Avalos's claims against the unknown medical and jail staff fail because Avalos does not allege a connection between any specific and identifiable defendant and the harm he suffered. *Id*. at 4. Third, the standing issue notwithstanding, Defendants argue that Avalos fails to plausibly allege facts that would, if taken as true, comprise a claim upon which relief may be granted. *Id*. at 4-8.

While the Court is cognizant that jurisdictional grounds are normally discussed prior to arguments as to the merits, Avalos fails to allege *any* facts supporting his claims pursuant to 42 U.S.C. §§ 1981, 1982, 1985, 1986, and 1988. *See* Dkt. Nos. 1, 13. For this reason, the Court discusses these claims first.

1. **Avalos fails to allege facts supporting his statutory claims under 42 U.S.C. §§ 1981, 1982, 1985, 1986, and 1988 against any of the named parties.**

Avalos alleges violations of 42 U.S.C. §§ 1981, 1982, 1985, 1986, and 1988. Dkt. No. 24 at 5. Section 1981 of Title 42 prohibits interfering with an individual's right to make or enforce a contract, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property on the basis of race.[5] 42 U.S.C. § 1981. Section 1982 protects an individual from discrimination through deprivation of an interest in property. 42 U.S.C. § 1982. A plaintiff cannot claim deprivation of an interest in property without establishing that his ability to enter into a contract for property under § 1981 was impaired. *Jackson v. Biedenharn*, 429 F. App'x 369, 371-72 (5th Cir.

---

[5] To the extent that § 1981 covers security of one's person in prison, this is duplicative of Avalos's § 1983 claims, and, as stated below, fails because Avalos does not allege racial discrimination.

2011). Avalos does not allege a violation of any sort of property interest, or an inability to make or enforce a contract. *See* Dkt. No. 13 at 4; *see* Dkt. No. 1.

Sections 1985(1) and 1985(2) provide a cause of action against a conspiracy to interfere with a government official or obstructing justice. *See* 42 U.S.C. § 1985(1), (2). Section 1985(3) provides a cause of action against conspiracies to deprive a person of their equal rights or protections under the law. *Id.* at (3). Section 1985(3) requires that the conspirators' intent to deprive of equal protections or equal rights must be based upon a racial or class-based animus. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010). Section §1986 provides a cause of action against those who neglect to prevent an infraction under §1985. 42 U.S.C. § 1986. Avalos does not allege any facts which might constitute a conspiracy to interfere with either a government official or a court proceeding. *See* Dkt. No. 13 at 4. Further, Avalos does not allege that his medical treatment was inadequate due to any racial or class-based animus. *Id.* Finally, Avalos does not allege facts that suggest anyone failed to prevent a violation of § 1985. *See* Dkt. No. 13.

Section § 1988(a) allows a court to supplement the previously-mentioned statutes with common law remedies where necessary, but does not provide an independent cause of action. 42 U.S.C § 1988; *Moor v. County of Alameda*, 411 U.S. 693, 702-03 (1973). Sections 1988(b) and (c) provide for the award of expert's and attorney's fees for violations of 42 U.S.C. §§ 1981-1983, 1985-1986. 42 U.S.C. § 1988. Therefore, Avalos may only pursue a remedy under §1988. However, as Avalos does not plead facts that establish a claim under any of the above-mentioned statutes, all of Avalos's claims pursuant to 42 U.S.C. § 1981, § 1982, § 1985, § 1986,

and § 1988 should be dismissed.

### 2. Avalos has standing to sue the unidentified Defendants, but cannot maintain his action against other Defendants

Defendants' Motion asserts that the Detention Center is a non-jural entity without a separate legal existence, and, therefore, cannot sue or be sued. Dkt. No. 18 at 7. Defendants also argue that Avalos lacks standing to sue the other Defendants. *Id.* at 4-5.

#### a. Cameron County Detention Center is a non-jural entity incapable of being sued.

The capacity of an entity to sue or be sued "'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991); FED. R. CIV. P. 17(b). Unless the "true political entity" has taken steps to grant an agency jural authority, it cannot engage in any litigation except in concert with the government itself. *Id.* A suit against an entity with no jural existence is subject to dismissal. *Id.* Avalos alleges no facts in his Complaint that show the Detention Center has been granted jural authority. *See* Dkt. No. 1. As the Court has no other basis to believe jural authority has been granted, dismissal is proper. *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing a claim against a jail when a superior entity has authority to engage in litigation).

Complaints by pro se plaintiffs are interpreted liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Following a liberal construction of his Complaint, however, Avalos still fails to allege facts that support a claim against other entities associated with the Detention Center. Section 1983 of Title 42 creates a private cause of action

for individuals who, under color of law, have their civil rights violated. 42 U.S.C. § 1983. To establish liability under §1983, a plaintiff must show that an official policy set forth by a policymaker was the moving force behind a violation of a constitutional right. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009). A persistent, widespread practice, although not officially promulgated or adopted, can also constitute a policy if it is so common and well-settled that it can be considered representative of municipal policy. *Burge v. St. Tammany Par.*, 336 F.3d 363, 369 (5th Cir. 2003). A single decision by a policymaker may lead to liability for a municipality if that policymaker is a "final policymaker." *Valle v. City of Hous.*, 613 F.3d 536, 542 (5th Cir. 2010). The county sheriff is the keeper of a jail. TEX. LOC. GOV'T CODE § 351.041. A sheriff is the final policymaker for law enforcement decisions under Texas law. *Turner v. Upton Cty.*, 915 F.2d 133, 136 (5th Cir. 1990). Sheriff Omar Lucio (Hereinafter, "Lucio") is thus the "final policymaker" in Cameron County regarding law enforcement decisions, which include matters involving jail conditions.

While Avalos has standing to sue Lucio, Avalos fails to meet the elements required to bring a claim under 42 U.S.C. § 1983. Construed broadly, Avalos alleges that he experienced pain and suffering due to a failure by various prison and medical officials to provide prompt and appropriate medical treatment. Dkt. No. 1 at 8. Avalos alleges that the staff's failure to take Avalos to the hospital and acquire a cast for his injured wrist constitutes deliberate indifference and cruel and unusual punishment. *Id.* Avalos alleges that jail staff acknowledged the injury as soon as he suffered it on June 3, 2016, and, in fact, took some remedial measures.

*Id.* at 5-6. Avalos contends that these measures were nevertheless ineffective and unhelpful. *Id.* at 6

Avalos, however, does not allege the existence of an official policy responsible for his alleged subpar treatment, nor does Avalos provide facts that could lead to the inference of such a policy. *Id.* Instead, Avalos describes the occurrence of a single incident, rather than a repeated pattern of prisoner treatment. *Id.* Therefore, while Avalos properly brought this action against Lucio, Avalos does not allege any policy decision made or direct action taken by Lucio that resulted in Avalos's deficient medical treatment. *Id.* Since Avalos does not allege sufficient facts to sustain a claim against Lucio, all claims made against Lucio pursuant to § 1983 should be dismissed.

### b. Avalos has standing to sue unidentified Defendants.

Defendants' Motion argues that the allegations against the unidentified staff are subject to dismissal because Avalos has failed to give fair notice of the identity, personal involvement, or alleged wrongdoing of any specific individual. Dkt. No. 18 at 4. A claim against unknown or fictitious defendants is normally subject to dismissal for want of personal jurisdiction, and the Federal Rules of Civil Procedure and 42 U.S.C. § 1983 do not provide authority for joining "John Doe" defendants. *Florance v. Buchmeyer,* 500 F. Supp. 2d 618, 643 (N.D. Tex. 2007) (citing *Taylor v. Fed. Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986)). However, courts allow a plaintiff to initiate a civil rights lawsuit against unidentified defendants when their identities may later be discovered. *See Colle v. Brazos County*, 981 F.2d 237, 243 n. 20 (5th Cir. 1993); *Murphy v. Kellar*, 950 F.2d 290, 293

(5th Cir. 1992). Under this practice, courts allow a case to proceed to discovery when there is a possibility that the true defendants may be identified from things such as title, the time or place of the incident, and duty rosters or personnel records. *See id*. Avalos provides sufficient information to possibly identify the true defendants because his allegations provide specific dates and locations that may identify the various staff members mentioned in his Complaint. Dkt. No. 1, at 4-8. Therefore, the Court finds that Avalos has standing to sue the unknown Defendants.

### 3. Remaining Defendants are entitled to qualified immunity.

In addition to his claims against Lucio, Avalos also alleges § 1983 and generalized due process violations committed by various "John Doe" staff in their personal and official capacities. *Id.* Defendants argue that these unnamed Defendants are entitled to qualified immunity. Dkt. No. 18 at 5. Defendants further argue that Avalos fails to allege that any specific or particular Defendant refused to treat him, or behaved in a manner that demonstrated a serious disregard for his medical needs, and that, therefore, the complained-of actions do not rise to the level of a constitutional violation. Dkt. No. 28 at 4.

The unnamed Defendants are entitled to qualified immunity for actions undertaken in the course of their duties. Qualified immunity shields state officials and staff from liability if their conduct does not violate a clearly established constitutional or statutory right of which they should have reasonably known. *Colle v. Brazos Cty.,* 981 F.2d 237, 246 (5th Cir. 1993). To defeat qualified immunity, a plaintiff must plead facts that show the official violated a statutory or constitutional right, and that the right was "clearly established" at the time of the violation.

*Davidson v. City of Stafford, Texas*, 848 F.3d 384, 391 (5th Cir. 2017). A plaintiff must also plead all material facts that establish his right to recovery, including those negating an official's qualified immunity defense, with sufficient particularity. *Guidry v. Jefferson Cty. Det. Ctr.,* 868 F. Supp. 189, 192 (E.D. Tex. 1994).

### a. Avalos's § 1983 claim

Avalos alleges a violation of his constitutional rights under 42 U.S.C. § 1983. Dkt. No. 1 at 1. Avalos further alleges violations of his Eighth Amendment protections against cruel and unusual punishment, and his Fourteenth Amendment rights to due process and equal protection under the law. *Id.*; Dkt. No. 13 at 5. As judgment had not been entered against Avalos at the time the alleged violation occurred, Avalos is more properly considered a pretrial detainee, rather than a prisoner. *See* CR Dkt. No. 33; *see* Dkt. No. 1 at 4-7. A pretrial detainee has a right to be free from any punishment, as he has yet to be found guilty of a crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Accordingly, Eighth Amendment protections against cruel and unusual punishment do not apply until a final adjudication of guilt. *Id.* at 535 n.16. Liberally construing Avalos's Complaint, his § 1983 claim alleges inadequate medical care to a pretrial detainee resulting in a deprivation of due process under the Fourteenth Amendment. *Estelle* 429 U.S. at 106; *Gallegos*, 858 F.2d at 1092; *Pfannstiel v. Marion*, 918 F.2d 1178, 1186 (5th Cir. 1990).

Under the Due Process Clause of the Fourteenth Amendment, a detainee may not be *punished* without a prior adjudication of guilt. *Bell*, 441 U.S. at 535. A particular condition or restriction of pretrial detention is not punishment if it is reasonably related to a legitimate governmental objective, and not arbitrary or

purposeless. *Id.* at 539. Effective management of a detention facility is a valid government interest. *Id.* at 540. Legitimate operational concerns may include measures that go beyond the strict need to secure a detainee's appearance at trial, such as ensuring security and order in the facility, and preventing drugs and weapons from reaching detainees. *Id.*

To measure the due process rights of pretrial detainees requires an analysis of whether the plaintiff challenges the constitutionality of a condition of his confinement rather than an episodic act or omission of an individual state official. *Reed v. Wichita Cty. (Estate of Henson),* 795 F.3d 456, 462 (5th Cir. 2015). A conditions of confinement claim is a challenge to an institution's general practices, rules, or restrictions. *Id.* at 463. A rule or practice may be explicit, or established by a pattern which is so pervasive as to prove an intended practice. *Id.* When analyzing a challenge to a condition of confinement, a court applies the *Bell* "reasonably related to a legitimate government interest" test. *Id* (citing *Bell*, 441 U.S. at 539). An episodic act or omission claim alleges a particular action by a specific jail official. *Id.* In the medical context, a jail official violates a pretrial detainee's right to be secure in his basic human needs if the jail official knows of and disregards an excessive risk of harm to an inmate's health or safety. *Id.* at 464. The jail official must be aware of the facts that an inference of a serious risk of harm could be drawn from, and actually draw the inference. *Id.*

Here, Avalos fails to allege facts that would support a claim under either theory. Avalos does not show how the purportedly ineffective treatment of his wrist fracture was the result of a practice or policy that does not pertain to a legitimate

government interest, nor does he allege facts from which such a practice or policy could be inferred. *See* Dkt. No. 1. Further, Avalos admits that at least one deficiency in his treatment – the failure of the medical staff to include a metal support in the soft wrist brace they gave him – was in accordance with a security policy of the Detention Center. Dkt. No. 1 at 6. It is reasonable to assume that the other deficiencies are also related to security concerns, which are legitimate government interests. *Bell*, 441 U.S. at 540. For example, Avalos alleges that the officers responsible for handcuffing him had difficulty doing so with his swollen wrist. Dkt. No. 1 at 7. A hand cast would certainly only exacerbate this difficulty. Given that Avalos was quickly transported to a Bureau of Prisons facility following his sentencing hearing, it is likely that a cast would continue to cause similar security difficulties while in transit. Similarly, a cast could present a security risk for potential smuggling of contraband during Avalos's transit.

Avalos also fails to allege a particular act or omission by a specific jail official that resulted in his deficient treatment. *See* Dkt. No. 1. Moreover, Avalos does not indicate, even if such a decision was made, how it constitutes a deliberate indifference to a substantial risk of harm to him. *Id.* A serious medical need is an injury for which treatment has been recommended, or an injury in which the need is so apparent that even laymen would recognize that care is required. *See Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Further, showing deliberate indifference requires evidence that prison officials refused to treat the prisoner, ignored complaints, intentionally treated him incorrectly, or engaged in conduct that constitutes a wanton disregard for the prisoner's serious medical needs; absent

exceptional circumstances, acts of medical malpractice, unsuccessful treatment, or negligence are not enough. *Id.* at 346.

First, while likely painful and uncomfortable, a fractured wrist does not present a severe risk of further harm or injury. *See Smith v. Gusman*, 2015 WL 2066517 *15-17 (E.D. La. May 4, 2015) (denying a pretrial detainee's medical claims regarding an injured wrist). Avalos does not allege any difficulties with the fracture other than the fact that it was painful or uncomfortable. *See* Dkt No. 1. Second, even assuming that the fractured wrist presented a substantial risk of harm, Avalos failed to allege facts that show the jail official was deliberately indifferent to Avalos's condition after being subjectively aware of it, and that the jail official then purposefully ignored the substantial risk of harm. *Id.* In fact, Avalos admits that he was seen by a doctor twice within a span of two weeks, and that he received treatment. *Id.* For these reasons, the unnamed Defendants are entitled to qualified immunity because Avalos has failed to show a constitutional violation occurred.

### b. Avalos's General Due Process Claim

Avalos also alleges a general due process claim, asserting that he was willfully denied his "basic needs of a civilized life." Dkt. No. 13 at 3-5. A condition that is merely uncomfortable or unpleasant cannot alone support a finding that a basic need was violated. *See Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). As stated above, Avalos fails to allege facts that show his injury was more than uncomfortable or unpleasant. *See* Dkt. Nos. 1, 13. Similarly, construing his Complaint liberally, Avalos fails to allege facts that would substantiate a claim under the Equal Protection Clause. *See* Dkt. No. 13. To succeed on an equal

protection claim, a plaintiff must prove purposeful discrimination that results in a discriminatory effect among similarly situated persons. *Adkins v. Kaspar*, 393 F.3d 559, 566 (5th Cir. 2004). Avalos does not allege that he was purposefully discriminated against, for any reason, or that as a result from discrimination he was treated differently from other inmates similarly situated. *See* Dkt. Nos. 1, 13. Thus, the unnamed defendants are entitled to qualified immunity because Avalos has failed to show a constitutional violation occurred. Avalos's federal claims against the unidentified Defendants should, therefore, be dismissed because he does not establish facts showing that any Defendant was personally responsible for the inadequacy of his treatment, ignored a substantial risk of harm, or that there was an established practice of improper medical treatment. *See* Dkt. No. 1, 13.

### 4. Dismissal of any remaining state law claims is proper.

Plaintiff also alleges the tort of "willful negligence" under Texas state law. Dkt. No. 13 at 5. A court may choose to exercise supplemental jurisdiction when a claim arises from the "same case or controversy" as other properly presented claims. 28 U.S.C. § 1367. A court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. *Id.* When all federal claims are dismissed before trial, generally any other pendent claims are dismissed. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). Dismissal, however, should specifically be without prejudice, so that a plaintiff may refile in state court. *Id.* Since Avalos fails to plead facts supporting any of his federal claims that provide this Court with original jurisdiction, Avalos's state law claim should also be dismissed without prejudice.

## IV. Recommendation

For the reasons above, it is recommended that Defendant's Motion be **GRANTED**, and the Clerk be **ORDERED** to close the case.

## V. Notice to Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that the district court accepts, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 25th day of July, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**