UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CARLOS AVALOS,<br>    Plaintiff, | §<br>§<br>§ |
| v. | §   Civil Action No. 1:16-cv-220 |
| SHERIFF OMAR LUCIO, et al.,<br>    Defendants. | §<br>§<br>§ |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case arises from Carlos Avalos' (hereafter "Plaintiff") claims for compensatory and punitive damages arising from alleged violations of his right to equal protection under the law and the freedom from cruel and unusual punishment under 42 U.S.C. § 1983. Docket No. 1 at 1. Currently before the Court is Defendants' "Cameron County Detention Center, Sheriff Omar Lucio, Warden DC1 and Unnamed Medical Staff and Unknown John Doe Staffs' Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's Complaint and First Amended Complaint with Authority in Support" (hereafter Defendants' "Motion"). Docket No. 18. After a de novo review of the record, the Magistrate Judge's Report and Recommendation (hereafter "R&R") (Docket No. 34) is **ADOPTED**. Accordingly, Defendants' "Motion" (Docket No. 18) is **GRANTED**.

### I. FACTUAL BACKGROUND[1]

On January 29, 2016, a "Complaint" (*United States of America v. Carlos Avalos*, No. 1:16-cr-00102-1, CR Docket No. 1)[2] was filed against Plaintiff. The same day, Plaintiff was remanded to the custody of the U.S. Marshals Service. CR Docket Minute Entry for January 29, 2016.

On February 24, 2016, Plaintiff pleaded guilty to being an alien unlawfully found in the United States after deportation, having been previously convicted of an aggravated felony. CR Docket No. 33. Plaintiff's factual allegations are uncontested. *See* Docket No. 18. While in custody at the Cameron County Detention Center, Plaintiff injured his wrist after slipping and

---

[1]     The factual statements set forth herein were obtained from Docket No. 1 and 24 unless otherwise noted.
[2]     Hereafter, Plaintiff's criminal case docket entries ("CR Docket Nos.") will be referred to only by their docket entry numbers.

1

falling on June 3, 2016. On June 4, 2016, Plaintiff was informed by a medical specialist his left wrist was fractured; however, Plaintiff did not receive a hand brace or similar device to secure his wrist. On June 6, 2016, Plaintiff filed an inmate grievance. Plaintiff claims he was taken to court on two occasions, June 6, 2016, and June 14, 2016, in handcuffs, which caused him pain and suffering. Plaintiff was given a soft wrist brace with the metal support removed in accordance with the Detention Center's security policies.

On June 14, 2016, the Court sentenced Plaintiff to 80 months imprisonment, with a three-year term of supervised release. CR Docket No. 33. On June 20, 2016, Plaintiff was seen immediately by staff at the Federal Detention Center in Houston, Texas, and a cast for his fractured wrist was ordered.

## II. **PROCEDURAL HISTORY**

On August 22, 2016, Plaintiff filed a "Civil Rights Complaint 42 U.S.C. Section 1983" (Docket No. 1) against Defendants Sheriff Omar Lucio, Cameron Detention Center, "Warden of DC1," "Unknown John Does," "Medical staff" and their "Bonded Insurance Providers" (hereafter "Defendants"). Docket No. 1 at 1. Plaintiff's Complaint alleges violations of his right to equal protection and the freedom from cruel and unusual punishment under 42 U.S.C. § 1983. *Id.* Plaintiff filed an "Amended Complaint," (Docket No. 13) on October 11, 2016, wherein he added additional defendants "Unknown Physicians contracted by Cameron County Detention Center DC1," "Unknown Medical staff contracted by Cameron County Detention Center, DC1," "Unknown Medical Contract providers," and "All private medical staff . . . ." Docket No. 13 at 1–2. Plaintiff also alleged additional violations of his rights under 42 U.S.C. §§ 1981, 1982, 1985 and 1986. Docket No. 13 at 1; Docket No. 24 at 5.

On December 2, 2016, Defendants filed their Motion. Docket No. 18. On March 10, 2017, Plaintiff filed a "Plaintiff Motion for Summary Judgment and in Addition it is his Reply and Response to Defendant's Rule 12(B)(6) Motion to Dismiss Plaintiff's Complaint." (Docket No. 24). On March 30, 2017, Defendants filed "Defendants Cameron County Detention Center, Sheriff Omar Lucio, Warden DC1 and Unnamed Medical Staff and Unknown John Doe Staffs' Response and Opposition to Plaintiff's Motion for Summary Judgment and Reply to Plaintiff's Response to Rule 12(b)(1) and 12(b)(6) Motion to Dismiss" (Docket No. 25).

On April 10, 2017, Plaintiff filed a second "Plaintiff's Motion for Summary Judgment. Pursuant to Fed. Civ. Proc Rule 56(A)(B)(C) or in the alternative, his Motion for Default Judgment pursuant to Fed. Rule Civ. Proc. 55" (Docket No. 26). On April 21, 2017, Plaintiff filed "Plaintiff's Second Request for Summary Judgment and in Addition, His Reply to Defendant's Response to Plaintiff's Summary Judgment filed 3-30-2017 by Defendants" (Docket No. 27). On May 11, 2017, Defendants filed a "Response and Opposition to Plaintiff's Second Request for Summary Judgment" (Docket No. 28). On June 1, 2017, Plaintiff filed a "third request" for summary judgment. Docket No. 29. Defendants filed a response on June 22, 2017. Docket No. 30.

On July 25, 2017, the Magistrate Judge submitted his "Report and Recommendation," (Docket No. 34) recommending the Court grant Defendants' Motion and dismiss Plaintiff's claims. On August 22, 2017, Plaintiff filed "Plaintiff's Reply In Opposition to Magistrate Report and Recommendation in this matter" (Docket No. 41).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A party may challenge a district court's subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The party asserting jurisdiction bears the burden to prove the district court has jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In considering a Rule 12(b)(1) motion to dismiss, courts must "accept all factual allegations in the plaintiff's complaint as true." *Den Norske Stats Oljeselkap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

A motion to dismiss "challenges a complaint's legal sufficiency." *Rader v. Cowart*, 543 Fed. Appx. 358, 361 (5th Cir. 2013). In considering a Rule 12(b)(6) motion to dismiss, a court must similarly accept all factual allegations in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). A claim will survive a Rule 12(b)(6) motion to dismiss when it contains a "short and plain statement of the claim showing that the pleader is entitled to relief" that does not offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citations omitted). A complaint must contain "sufficient factual matter" that when, accepted as true, allows a court to draw a

"reasonable inference" that the defendant is liable for the conduct alleged. *Id.* at 678 (citations omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678.

### A. Plaintiff's fails to allege sufficient facts to support his claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 and 1988 against any Defendants.

In his complaint, amended complaint, and motion for summary judgment, Plaintiff alleges violations of 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 and 1988. Docket No. 1 at 1; Docket No. 13 at 1; Docket No. 24 at 5. However, Plaintiff fails to plead sufficient facts to support a legal basis that Defendants are liable for the conduct alleged under any of the aforementioned statutes. As such, Plaintiff's claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 and 1988 are **DISMISSED**.

### B. Dismissal of state law claim is proper.

Plaintiff also alleges the tort of "willful negligence" under Texas state law. Docket No. 13 at 5. A federal district court can exercise supplemental jurisdiction over a state law claim arising from the "same case or controversy," as other properly presented claims. *See* 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, when a court dismisses all federal claims, any other pendent claims are similarly dismissed. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). Accordingly, Plaintiff's state law claim is **DISMISSED WITHOUT PREJUDICE** so that he may refile in state court. *Id.*

### ORDER

For the foregoing reasons, Defendants' "Motion" (Docket No. 18) is **GRANTED** and the Magistrate's "R&R" (Docket No. 34) is **ADOPTED**. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted; however, the Plaintiff's state law claim is **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court is hereby **ORDERED** to close this case.

Signed on this 21st day of September, 2017.

Rolando Olvera
United States District Judge